1  Jerry N. Budin
   State Bar #88539
2  Law Office of Jerry Budin
   2401 E. Orangeburg Ave., Ste. 675-309
3  Modesto, California 95355
   Telephone: (209) 544-3030
4  Facsimile: (209) 544-3144

**FILED**

OCT 2 8 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

5  Attorney for Plaintiffs,
   ISIDRO RODRIGUEZ, et al.

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                  (Fresno Division)

11

12  ISIDRO RODRIGUEZ, et al.,        )  CASE NO. CV-F-07-0671 LJO SMS
                                     )
13              Plaintiffs,          )  ORDER ON
                                     )  PRELIMINARY APPROVAL OF
14  vs.                              )  STIPULATION REGARDING CLASS
                                     )  ACTION SETTLEMENT; EXHIBITS A-C
15                                   )
    FIVE J'S TRUCKING, INC.,         )  Date : October 28, 2008
16  et al.,                          )  Time : 8:30 a.m.
                                     )  Crtrm: 4
17              Defendants.          )  Judge: Hon. Lawrence J. O'Neill
    _____)

18

19      Pursuant to plaintiff's Notice Of Motion filed on September

20  25, 2008 (Doc. 38), the parties in this class action have reached

21  a proposed settlement and seek preliminary approval of the proposed

22  Stipulation Regarding Settlement Of Class Action (Doc. 39) and the

23  Notice of Proposed Class Action Settlement And Fairness Hearing

24  (Ex. 1) and the Claim Form/FLSA Consent Form (Ex. 2) attached

25  thereto.

26      The motion came on for hearing on October 28, 2008 at 8:30

27  a.m. in Courtroom 4 of this court. Plaintiffs Mario Pineda and

28  Simon Resendiz, individually and on behalf of all others similarly

1  situated (collectively "plaintiffs"), appeared by telephone by
2  counsel Jerry Budin, Law Office of Jerry Budin.  Defendants MELLO
3  MILK TRANSPORT and JEFFREY A. MELLO ("MELLO") appeared by telephone
4  by counsel Keric J. Cushing of Gianelli & Associates.  Having
5  considered the plaintiffs' Motion and supporting papers, the
6  Stipulation Regarding Settlement Of Class Action and the exhibits
7  attached thereto, the Court issues the following Orders:

8      1.    This Order incorporates by reference the definitions in
9  the   Stipulation   Regarding   Settlement   of   Class   Action
10  ("Stipulation")  and all terms defined therein shall have the same
11  meaning in this Order as set forth therein.  The Stipulation is
12  attached hereto as Exhibit A.

13      2.    The Court hereby preliminarily approves the attached
14  Stipulation.  The Court preliminarily finds that the Class members
15  are similarly situated and meet the requirements for class
16  certification under F.R.C.P. 23 and as a collective action under 29
17  U.S.C. §216(b).  The Court further preliminarily finds that the
18  Stipulation appears to be within the range of reasonableness of a
19  settlement that could ultimately be given final approval by this
20  court.  It appears to the Court that the Stipulation is fair,
21  adequate and reasonable as to all potential Class Members, when
22  balanced against the probable outcome of further litigation.  It
23  further appears that counsel for the Parties at this time are
24  reasonably able to evaluate their respective positions. It further
25  appears to the Court that settlement at this time will avoid
26  substantial additional costs to all Parties, as well as the delay
27  and risks that would be presented by further prosecution of these
28  Actions.  Additionally, it appears that the proposed Stipulation

was reached as a result of intensive, non-collusive, arms-length negotiations.

3.    A hearing ("Fairness Hearing") shall be held before this Court on February 3, 2009 at 8:15 a.m. in Courtroom 4 in the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Actions on the terms and conditions provided is fair, adequate, and reasonable, and should be finally approved by the Court; whether the cases should be dismissed with prejudice pursuant to the terms of the settlement; whether the settlement should be approved as fair, adequate, and reasonable to the Class Members; whether the Court should finally approve the amount of attorney fees and costs to be awarded Class Counsel, Jerry Budin.

4.    The Court hereby approves, as to form and content, the proposed "Notice of Proposed Class Action Settlement and Fairness Hearing" ("Notice;" attached hereto as Exhibit B) and the "Claim Form/FLSA Consent Form" (attached hereto as Exhibit C). The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Stipulation meets the requirement of due process under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §216(b), that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5.    Any class member who wishes to receive a portion of the settlement fund must complete and submit a properly completed Claim Form, pursuant to the instructions for making a claim that are set

forth in the Notice, so that it is postmarked no more than sixty (60) days after the date the Notices are mailed. Any class member who does not submit a Claim Form will not be entitled to any recovery, unless the parties agree to allow the late claim.

6. Any class member may choose to "opt-out" of and be excluded from the settlement as provided in the Notice by following the instructions for requesting exclusion from the Stipulation that are set forth in the Notice. All requests for exclusion must be submitted so that they are postmarked no more than thirty (30) days after the date the Notices are mailed. Any such person who chooses to "opt out" of and be excluded from the class will not be entitled to receive any proceeds from this settlement, and will not be bound by this settlement or have any right to object, appeal, or comment thereon.

7. Any class member who has not validly requested exclusion from the class and the Stipulation may appear at the Fairness hearing and may object or express his/her views regarding the settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court, as provided in the Notice. However, no class member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless the person on or before that day which is 30 days after the Notice is mailed has filed with the Clerk of this court, and mailed by first class postage to Class Counsel (Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg Ave., Modesto, CA 95355) and Defendant's Counsel (Keric J. Cushing, Gianelli & Associates, P.O. Box 3212, Modesto,

CA 95353): (i) a written statement advising if the individual plans to address the Court at the Fairness Hearing; (ii) a written statement of the individual's objections; and (iii) any other papers which the individual purposes to submit to the Court, including any legal briefs or memoranda. Any such person who does not make an objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the settlement.

8. In the event the Stipulation does not become effective in accordance with the terms of the Stipulation, or the Stipulation is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

9. For purposes of effectuating this settlement, the Court preliminarily certifies the following Settlement Class:

Settlement Class

> All persons who are now employed or have been employed by defendants MELLO MILK TRANSPORT and JEFFREY A. MELLO in the State of California, who, on or after September 1, 2005 to (date of preliminary approval), have worked as a truck driver hauling milk in intrastate transportation and have worked in excess of forty (40) hours per week without being paid overtime compensation for those excess hours.

/////
/////
/////
/////
/////
/////

10.    For purposes of effectuating this settlement, the Court hereby
appoints Jerry Budin as Class Counsel and Mario Pineda and Simon
Resendiz as Class Representatives.


        IT IS SO ORDERED.


DATED:  Oct 28, 2008                    _____
                                        LAWRENCE J. O'NEILL
                                        UNITED STATES DISTRICT JUDGE

Exhibit A

1  Jerry N. Budin
   State Bar #88539
2  Law Office of Jerry Budin
   2401 E. Orangeburg Ave., Ste. 675-309
3  Modesto, California 95355
   Telephone: (209) 544-3030
4  Facsimile: (209) 544-3144

5  Attorney for Plaintiffs,
   ISIDRO RODRIGUEZ, et al.
6

7  Keric J. Cushing
   State Bar #132356
8  GIANELLI & ASSOCIATES
   P.O. Box 3212
9  Modesto, CA 95353
   Telephone: (209) 521-6260
10 Facsimile: (209) 521-5971

11 Attorneys for Defendants,
   MELLO MILK TRANSPORT, JEFFREY A. MELLO
12

13                UNITED STATES DISTRICT COURT

14               EASTERN DISTRICT OF CALIFORNIA

15                      (Fresno Division)

16

17 ISIDRO RODRIGUEZ, et al.,        )   CASE NO. CV-F-07-0671 LJO SMS
                                    )
18                  Plaintiffs,     )   STIPULATION REGARDING
                                    )   SETTLEMENT OF CLASS ACTION
19 vs.                              )   EXHIBITS 1-2
                                    )
20 FIVE J'S TRUCKING, INC.,         )
   et al.,                          )
21                                  )
                    Defendants.     )
22 _____)

23

24

25

26

27

28

   _____
   STIPULATION REGARDING SETTLEMENT OF              CASE NO. CV-07-0671 LJO SMS
   CLASS ACTION; EXHIBITS 1-2

1 TABLE OF CONTENTS

2 PAGE

3 I. INTRODUCTION........................................... 1

4 II. NATURE OF THE CASE AND REASONS FOR SETTLEMENT.......... 1

5 III. GENERAL TERMS OF THE STIPULATION....................... 3

6     A. Definitions........................................ 3

7     B. Jurisdiction and Venue............................. 5

8     C. Non-Admissions..................................... 5

9     D. Effect Of This Stipulation......................... 6

10     E. Duties Of Plaintiff's Counsel...................... 7

11 IV. SETTLEMENT CLASS....................................... 8

12 V. SETTLEMENT TERMS....................................... 8

13     A. The Settlement Sum................................. 8

14         1. Payments To Class Members..................... 8

15     B. Claims Administration And Filing Procedures........ 9

16     C. Procedures For Payment Of Claims................... 9

17     D. Time For Disbursement Of Settlement Payments....... 10

18     E. Duties Of Defendants Mello......................... 10

19 VI. ATTORNEY FEES.......................................... 11

20 VII. TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE
      CLASS.................................................. 11
21

22 VIII. STATUS AND DISPOSITION OF UNCLAIMED FUNDS.............. 12

23 IX. NO APPEAL ON BEHALF OF CLASS REPRESENTATIVE
      OR PLAINTIFFS.......................................... 12

24 X. NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO
      SEEK EXCLUSION......................................... 12
25

26 XI. NO RETALIATION......................................... 13

27 XII. MISCELLANEOUS PROVISIONS............................... 13

28

1      Plaintiffs Simon Resendiz and Mario Pineda, who are
2   individual named plaintiffs, on behalf of themselves and on behalf
3   of all members of a certain class hereinafter defined, and
4   Defendants Mello Milk Transport and Jeffrey A. Mello, (collectively
5   referred to as "parties"), hereby stipulate and agree on all of
6   the terms of a settlement in this matter and agree to request a
7   hearing for preliminary approval of this class action settlement.

8   **I.    INTRODUCTION**

9      This Stipulation Regarding Settlement Of Class Action
10  ("Stipulation") sets forth the full and final terms by which the
11  named Plaintiffs, on behalf of themselves and members of the class
12  defined herein, and Defendants Mello Milk Transport and Jeffrey A.
13  Mello ("Mello") have settled and resolved any and all claims and
14  potential claims between them relating to any alleged wage and hour
15  violations under the Fair Labor Standards Act (29 U.S.C. §201 et
16  seq.), the California Labor Code, the California Industrial Welfare
17  Commission Wage Orders and/or California's Unfair Competition Act
18  (Cal. Bus. & Prof. Code § 17200 *et seq.*) ("UCA" or "17200"),
19  including but not limited to claims that Mello failed to pay
20  overtime to its truck drivers for hours worked in excess of forty
21  (40) in a workweek. By agreeing to this Stipulation, Mello does
22  not admit to any liability, and in fact, such liability is
23  expressly denied. Mello has voluntarily entered into this
24  Stipulation to avoid protracted and costly litigation.

25  **II.   NATURE OF THE CASE AND REASONS FOR SETTLEMENT**

26     This Stipulation resolves an action by named plaintiffs Simon
27  Resendiz and Mario Pineda, purporting to represent a class of
28  similarly situated persons.

STIPULATION REGARDING SETTLEMENT OF                    CASE NO. CV-07-0671 LJO SMS
CLASS ACTION; EXHIBITS 1-2

1

1        This case ("Action"), filed on May 3, 2007, alleges that
2   Mello failed to pay overtime to its truck drivers for hours worked
3   in excess of forty (40) in a workweek.  Mello has specifically
4   denied, and continues to deny, each and every allegation made by
5   the Plaintiffs in this Action.

6        The parties to this Action desire to settle it and have
7   agreed to enter into this Stipulation for the purpose of resolving
8   the Action.  This Stipulation has been jointly negotiated and
9   drafted by counsel completely familiar with the legal and factual
10  issues in the Action, along with plaintiffs and representatives of
11  Mello, after extensive discovery and substantial and extensive
12  discussions regarding claims and defenses by counsel for the
13  parties, including the financial condition of Mello.  The parties
14  have negotiated this settlement at arm's-length and in good faith
15  at an all-day mediation conducted by Michael Loeb, Esq., Of JAMS.

16       Based upon their knowledge of the case and extensive
17  negotiations, all counsel believe that this Stipulation is fair,
18  reasonable and adequate to resolve this Action in its entirety, and
19  that settlement at this time on these terms is in the best
20  interests of all the parties.

21       Counsel and the parties have considered, among other things,
22  the expense, inconvenience, and time demands of continuing
23  burdensome and protracted litigation, the risks inherent in
24  litigation, and the benefits provided by the terms of this
25  Stipulation.  This Stipulation represents the parties' joint
26  efforts to avoid further litigation and does not represent any
27  admission of liability by Mello on the merits of this
28  Action.  Neither party is responsible for or adopts the

1 justification for settlement of the other party.

2 **III. GENERAL TERMS OF THE STIPULATION**

3     **A.  Definitions**

4     For purposes of this Stipulation and all exhibits hereto, the
5 capitalized terms in such documents shall have the meanings set
6 forth below.  All terms defined in the singular shall have the same
7 meaning when used in the plural, and all terms in the plural shall
8 have the same meaning when used in the singular, unless otherwise
9 noted.

10     1.  "Authorized Claimant" or "Claimant" shall mean only
11 a person who is entitled to a settlement payment and who has timely
12 submitted a completed "Claim Form/FLSA Consent Form".

13     2.  "Claim Form/FLSA Consent Form" ("Claim Form") shall
14 mean the form attached hereto as Exhibit 2.

15     3.  "Claim Form Submission Date" shall mean the postmark
16 date the completed Claim Form was mailed, or the date of personal
17 delivery of the completed Claim Form, to the Settlement
18 Administrator.

19     4.  "Class Counsel" or "Plaintiff's Counsel" shall mean
20 Jerry Budin, of the Law Office of Jerry Budin, 2401 E. Orangeburg,
21 Suite 675-309, Modesto, CA 95354-1123.

22     5.  "Class Representative" refers only to Plaintiffs
23 Simon Resendiz and Mario Pineda.

24     6.  "Court" shall mean the United States District Court,
25 Eastern District of California.

26     7.  "Effective Date" of this Stipulation shall mean the
27 later of (a) the 15th day after the date of final approval of this
28 Stipulation by the Court, if no objections are made, (b) the 15th

1  day after this Stipulation becomes final and non-appealable, in the

2  event that an objection to this Stipulation has been filed or (c)

3  the 15th day after the issuance of a remittitur in the event of an

4  appeal.

5      8.   "Employee Taxes" shall mean any and all federal,

6  state and local taxes required to be withheld by Mello as the

7  employer from the settlement payments for the employees' portion of

8  taxes, including but not limited to any withholdings required for

9  federal income tax, Social Security, Medicare and California state

10 income tax and state disability (SDI).   The amount of taxes

11 withheld will depend upon the applicable tax rates in effect for

12 each Authorized Claimant during the year in which a payment is made

13 and whether that Authorized Claimant is still employed by Mello

14 when payment is made.

15     9.   "Employer Taxes" shall mean any and all taxes and

16 contributions imposed by federal, state or local law on Mello as

17 the employer for the employer's portion of federal Social Security

18 and   Medicare,   federal   unemployment   tax,   California   state

19 unemployment tax, and any other taxes.

20     10.  "Fairness Hearing" or "Final Approval Hearing" shall

21 mean the Court's public hearing or hearings to determine whether

22 the proposed Stipulation shall be finally approved.

23     11.  "Notice" shall mean that document headed "Notice Of

24 Proposed Class Action Settlement and Fairness Hearing" (attached

25 hereto as Exhibit 1).

26     12.  "Parties"   shall   mean   the   Plaintiffs   and

27 defendants Mello Milk Transport and Jeffrey A. Mello.

28     13.  "Preliminary Approval Date" of this Stipulation

1  shall mean the date this Court grants its preliminary approval to
2  this Stipulation.

3        14.  "Mello's Counsel" shall mean the law firm of
4  Gianelli & Associates, P.O. Box 3212, Modesto, CA 95353, including
5  attorney Keric J. Cushing.

6        15.  "Settlement Administrator" shall refer to Counsel
7  Jerry Budin.

8        16.  "Settlement Class" or "Class Members" shall mean
9  that class of persons defined in section IV of this Stipulation.

10        17.  "Taxes" shall mean, collectively, all "Employee
11  Taxes" and "Employer Taxes."

12  **B.  Jurisdiction And Venue**

13      The Parties agree that this Court has jurisdiction over
14  the subject matter of and the parties to this Action and that venue
15  is proper.  The Court shall retain jurisdiction of this Action for
16  the purpose of entering all orders and judgments authorized
17  hereunder that may be necessary to implement and enforce the relief
18  provided herein.

19  **C.  Non-Admissions**

20      Mello at all times has denied and continues to deny the
21  allegations of the Action.  Mello has alleged numerous affirmative
22  defenses to the Action and does not admit to any obligation to pay
23  any additional compensation, regular or overtime.  Mello does not
24  admit that it violated the FLSA, California Labor Codes, the
25  California Wage Orders or the UCA, including claims that Mello
26  failed to pay overtime to its truck drivers for hours worked in
27  excess of forty (40) in a workweek. Mello expressly denies any such
28  violations.

1    Mello's voluntary agreement to the terms of this Stipulation
2    shall not be deemed an admission of liability and none of the
3    parties to this Action shall be deemed a prevailing party.  There
4    has been no judicial determination in the Action that Mello has
5    violated any law, order or regulation of the United States or of
6    the State of California regarding its payment of wages.  This
7    Stipulation shall not constitute an adjudication and/or finding on
8    the merits of the case and shall not be used as evidence of
9    liability, *res judicata* or collateral estoppel in any other legal
10   proceeding against Mello.

11   Nothing in this Stipulation shall be deemed admissible in any
12   forum or proceeding as evidence of an admission by Mello that it
13   has engaged in any practice, act or omission in violation of the
14   FLSA California Labor Code, the UCA or any other state or federal
15   law or regulation.  This Stipulation shall not be admissible as
16   evidence in any forum for any reason, other than in an action to
17   enforce its terms.

18   **D.   Effect Of This Stipulation**

19   This Stipulation fully and finally resolves all claims,
20   demands and causes of action of the Plaintiffs and the Settlement
21   Class as described below that were raised or could have been raised
22   against Mello, its present and former parent companies,
23   subsidiaries and affiliates, owners, shareholders, directors,
24   officers, employees and agents, and representatives of each, at any
25   time up to and including the Preliminary Approval Date of this
26   Stipulation, with the exception of those claims of Class Members
27   who timely request exclusion ("opt-out") from the Settlement Class
28

1  and settlement described herein in accordance with the exclusion
2  procedures set forth in Section X below.

3      The preclusive affect of this Stipulation applies to any and
4  all claims for legal relief, equitable relief, monetary relief
5  including, but not limited to, payment of wages, damages, interest,
6  penalties, attorney fees and any monetary relief available under
7  the FLSA, California Labor Code, the California Wage Orders,
8  California Business & Professions Code section 17200 et seq. or any
9  other federal, state or local law and any other relief directly or
10  indirectly related to the wage and hour violations alleged in the
11  Action, including but not limited to claims that Mello failed to
12  pay overtime to its truck drivers for hours worked in excess of
13  forty (40) in a workweek

14      The Settlement Class, including the Class Representatives and
15  each Class Member, waive all rights to which they may be entitled
16  pursuant to California Civil Code section 1542 with respect to the
17  aforementioned wage and hour claims.   Section 1542 provides as
18  follows:

19          A general release does not extend to claims
            which the creditor does not know or suspect to
20          exist in his or her favor at the time of
            executing the release, which if known by him
21          or her must have materially affected his or
            her settlement with the debtor.
22

23      **E.   Duties Of Plaintiff's Counsel**

24      Plaintiffs' counsel shall prepare all papers associated with
25  the settlement, including the settlement agreement, the notice to
26  the class, the claim form, the motion for preliminary approval and
27  the motion for final approval.

28  ///

IV.  SETTLEMENT CLASS

The plaintiffs will file a motion to certify a Settlement Class under 29 U.S.C. §216(b) and F.R.C.P. Rule 23 as follows:

> All persons who are employed or have been employed by Mello in the State of California as a truck driver who, on or after September 1, 2005 through the Preliminary Approval Date, hauled milk in intrastate transportation.

The Settlement Class consists of approximately fifty (50) potential members.

V.  SETTLEMENT TERMS

A.  The Settlement Sum

For the purpose of satisfying and settling all of the claims of (a) the Settlement Class, as those claims are defined in section III(D) above and (b) Class Counsel, Mello shall pay the sum ("Sum") of One Hundred Sixty-Nine Thousand Dollars ($169,000.00) in three (3) separate installments, as described in Section V(E) below.

The Sum is the sole payment that Mello shall be required to make to settle this case, the foregoing claims, attorney fees and costs (including costs of settlement administration) but excluding Employer Taxes which Mello shall pay in addition to the Sum.

1.  Payments To Class Members

The payments to the Settlement Class Members shall be made on a pro-rata basis and there shall be no reversion of any portion of the Sum to Mello.

The amount paid to each Authorized Claimant shall be based on the ratio of each Authorized Claimant's total work weeks to the total number of work weeks for all Authorized Claimants.

**B.   Claims Administration And  Filing Procedures**

Plaintiffs' counsel, Jerry Budin, shall serve as Settlement Administrator.  Within thirty (30) days of the Preliminary Approval Date, the Settlement Administrator shall mail copies of the Notice and the Claim Form to every known Class member at his/her last known address.  Any signed Claim Form submitted in accordance with the procedures set forth in the Notice and on the Claim Form and postmarked or hand-delivered within 60 days from the date of mailing of the Notice shall be considered timely, except that the parties, through their respective Counsel and subject to Court approval, may accept any untimely Claim Form.

The  Parties  agree  to  cooperate  in  the  Settlement Administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement, including the use of Class Counsel and/or vendors to complete some or all of the claims administration process.  Class counsel shall not seek any attorney fees for acting as Settlement Administrator beyond the attorney fees set forth in Sec. VI below.

**C.   Procedures For Payment Of Claims**

In order to promote both fairness and efficiency, each claim will be paid on a pro-rata basis according to the terms of section V(A)(1), after verification of the information provided on the Claim Form.  The pro-rata and verification system shall be applied uniformly, based on the employment records of Mello, will not be discretionary and may be amended only by Court Order.  Each Authorized Claimant shall then be allocated a commensurate proportion of the Sum after the deduction of attorney fees and

1   costs and the costs of the settlement administration process.   All
2   proposed monetary awards shall be subject to the review and
3   approval of the Court before disbursement.

4        Each check issued to a Class Member shall bear an inscription
5   indicating that the check will become void if not cashed within one
6   hundred twenty (120) days from the date of the check's issuance.

7        The awards made to Authorized Claimants shall be deemed wage
8   payments and shall be subject to tax withholding.

9        **D.   Time For Disbursement Of Settlement Payments**

10       Class Counsel shall mail the settlement payments, pursuant to
11  the terms of this Stipulation, to each Authorized Claimant's last
12  known mailing address within fifteen (15) days of the due date for
13  each installment payment.  Class Counsel shall attempt to identify
14  a new address and re-mail the check for any Authorized Claimant
15  whose check is returned as "Undeliverable".

16       **E.   Duties Of Defendants Mello**

17       Defendants Mello shall do the following:

18            1.   Within fifteen (15) days of the Preliminary
19  Approval Date, Mello shall provide to Class Counsel the name, last
20  known address, Social Security number and dates of employment of
21  each Class Member.

22            2.   Mello shall not oppose an application by Class
23  Counsel for attorney's fees in an amount not to exceed one-fourth
24  (25%) of the Sum, plus actual costs.

25            3.   Mello shall pay the Sum in three (3) equal install-
26  ments as follows: (a) on or before forty-five (45) days after Final
27  Approval by the Court; (b) on or before one hundred eighty (180)
28  days after the Final Approval and (c) the balance on or before one

1  (1) year after Final Approval.  Mello shall have a grace period not
2  to exceed sixty (60) days beyond each due date to make a payment
3  without penalty. If Mello does not make the payments as specified,
4  each late payment shall be subject to interest at the rate of 10%
5  per annum from the due date until paid.

6       4.   Mello will issue the settlement payments for each
7  individual Authorized Claimant and shall forward them to Class
8  Counsel for distribution to the Claimants.

9  **VI.  ATTORNEY FEES**

10      Although neither party to this Action is deemed to be a
11  prevailing party, Mello agrees not to oppose Class Counsel's motion
12  for actual costs and reasonable attorney fees from the Sum in an
13  amount not to exceed one-fourth (25%) of the Sum. Said motion will
14  be heard in conjunction with the Fairness Hearing.  The attorney
15  fees and costs awarded to Class Counsel shall be deducted from the
16  Sum before the calculation of the payments to each Authorized
17  Claimant.

18  **VII. TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE CLASS**

19      The parties agree that the amounts paid pursuant to this
20  Stipulation to the Class Members are taxable under the United
21  States Tax Code and the tax codes of the various states and
22  territories of the United States. Withholding of taxes and payment
23  of the employers' portion of taxes by Mello shall be in accordance
24  with applicable law and this Stipulation. No representations are
25  made by or to any party to this Stipulation as to the tax
26  consequences of the monetary payments pursuant to this Stipulation.
27  Each person receiving payment of money pursuant to this Stipulation
28  shall be responsible for their own tax liability for payments made

1 herein and the allocations specified herein, including any related
2 penalties, interest, or employee payroll taxes.

3 **VIII. STATUS AND DISPOSITION OF UNCLAIMED FUNDS**

4 One-Hundred Fifty (150) days after Class Counsel has
5 distributed each set of installment payments to the Authorized
6 Claimants, Mello shall make a written report to Class Counsel of
7 whether any checks drawn on the Sum were returned or unpaid. At
8 that time, any unclaimed funds shall be distributed on a pro-rata
9 basis to the other Authorized Claimants.

10 **IX. NO APPEAL ON BEHALF OF CLASS REPRESENTATIVE OR PLAINTIFFS**

11 This Stipulation is the product of extensive negotiation by
12 counsel completely familiar with the legal and factual issues in
13 these cases, along with representatives of the parties, after
14 extensive discovery and substantial and extensive discussions
15 regarding claims and defenses by counsel for all the parties.
16 Class Counsel agrees that he shall not appeal any portions of this
17 Stipulation on behalf of the Class Representative or Class Members
18 should this Stipulation be adopted in whole or modified in part by
19 the Court, except Class Counsel reserves the right to appeal any
20 award of attorney fees.

21 **XI. NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO SEEK EXCLUSION**

22 Pursuant to F.R.C.P. Rule 23 each Class Member shall be given
23 notice so that they may have an opportunity to either object to the
24 terms of the Stipulation or to decide whether to exclude themselves
25 from participation in the Settlement. Class Counsel shall send the
26 Notice to all Class Members by first class mail to each Class
27 Member's last known address. The Notice shall include a provision
28 notifying the class members of their right to either be excluded

1  (opt-out) from the Class or to object to the terms of this
2  Stipulation.

3      Within 30 days from mailing of the Notice, members of the
4  Class may file objections to the terms of the Stipulation or may
5  exclude themselves from membership in the Class.  Any exclusions
6  shall be made in writing and sent to Class Counsel, who shall
7  promptly provide copies of all exclusions it receives to all
8  counsel.

9      No objections will be heard or considered at the Fairness
10  Hearing unless the objecting party previously submitted his or her
11  objections in writing in accordance with the terms of this
12  Stipulation and the Notice.

13  **XI.   NO RETALIATION**

14      Mello agrees not to retaliate or take any adverse employment
15  action against plaintiffs Mario Pineda, Simon Resendiz or any other
16  Class Member as a result of their participation in the Action
17  and/or as Class Representatives.

18  **XII. MISCELLANEOUS PROVISIONS**

19      This Stipulation comprises the full and exclusive agreement
20  of the parties with respect to the matters discussed herein. No
21  waiver, modification or amendment of any provision of this
22  Stipulation shall be effective unless made in writing, approved by
23  all Parties to this Stipulation and approved by the Court or
24  ordered by the Court.

25      In the event (i) the Court does not enter the Preliminary
26  Order specified herein; (ii) the Court does not finally approve the
27  settlement as provided herein; (iii) the Court does not enter the
28  Final Judgment as provided herein; or (iv) the Stipulation does not

1 become final for any other reason, this Stipulation shall be null
2 and void and any order or judgment entered by the Court in
3 furtherance of this settlement shall be treated as nunc pro tunc.
4 In such a case, the Action and the parties shall be returned to
5 their respective statuses as of the date and time immediately prior
6 to the execution of this Stipulation, and the Parties shall proceed
7 in all respects as if this Stipulation had not been executed.

8     In the event of Mello's failure to make the payments as
9 required by this Stipulation, the settlement shall be voidable and
10 this action may proceed as if no settlement had ever been reached.
11 Any monies received by Class Counsel and Class Members before the
12 breach shall be offset against any recovery by Class Counsel and
13 Class Members after the breach.

14     The Court shall retain jurisdiction over this Stipulation and
15 the parties for all purposes until the expiration of the Parties'
16 obligations as set forth herein.

17
18               (Signature Page Follows)
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

```
 1
 2
 3  Dated: August ____, 2008
 4                                          _____
                                            MARIO PINEDA
 5                                          Plaintiff

 6  Dated: August ____, 2008
 7                                          _____
                                            SIMON RESENDIZ
 8                                          Plaintiff
             September 4
 9  Dated: August ____, 2008               MELLO MILK TRANSPORT

10                                 By:  _____
                                            JEFFREY A. MELLO
11                                          President

12
             September 4
13  Dated: August ____, 2008               _____
                                            JEFFREY A. MELLO
14                                          Defendant

15
16  Dated: August ____, 2008               LAW OFFICE OF JERRY BUDIN
17
18
19                                          _____
                                            JERRY BUDIN
20                                          Attorney for Plaintiffs,
                                            ISIDRO RODRIGUEZ, et al.
21          September
22  Dated: August ____, 2008               GIANELLI & ASSOCIATES

23                                          _____
24                                          KERIC J. CUSHING
                                            Attorneys for Defendants,
25                                          MELLO MILK TRANSPORT and
                                            JEFFREY A. MELLO
26
27
28
```

1

2
Dated: August 26, 2008

3
MARIO PINEDA
Plaintiff

4

5
Dated: August 26, 2008

6
SIMON RESENDIZ
Plaintiff

7

8
Dated: August ___, 2008
MELLO MILK TRANSPORT

9

10
By:

JEFFREY A. MELLO
11
President

12

13
Dated: August ___, 2008

14
JEFFREY A. MELLO
Defendant
15

16
Dated: August 26, 2008
LAW OFFICE OF JERRY BUDIN

17

18

19
JERRY BUDIN
Attorney for Plaintiffs,
20
ISIDRO RODRIGUEZ, et al.

21

22
Dated: August ___, 2008
GIANELLI & ASSOCIATES

23

24
KERIC J. CUSHING
25
Attorneys for Defendants,
MELLO MILK TRANSPORT and
26
JEFFREY A. MELLO

27

28

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

ISIDRO RODRIGUEZ, et al., individually and on
behalf of al others similarly-situated,

              Plaintiffs,

vs.

MELLO MILK TRANSPORT and JEFFREY A. MELLO,

              Defendants.

CASE NO. CV F 07-0671 LJO SMS

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:    All truck drivers who were employed by Mello Milk Transport and/or Jeffrey A. Mello ("Mello") at any time from September 1, 2005 through \_\_\_._____, 2008 and who hauled milk in intrastate transportation.

THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____, 2008 BEFORE THE HONORABLE LAWRENCE J. O'NEILL, JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

### I.    INTRODUCTION

On May 3, 2007, Simon Resendiz and Mario Pineda, individually and on behalf of other truck drivers, filed a lawsuit against Mello Milk Transport and/or Jeffrey A. Mello ("Mello"), alleging that they worked for Mello as a truck driver and were entitled to overtime compensation for hours worked in excess of forty (40) per week, but that Mello failed to pay them at overtime rates for those overtime hours worked. Mello denies these allegations.

A tentative settlement of these cases has been reached. The settlement will apply to all persons who meet the following definition ("Settlement Class"):

Settlement Class

All persons who are now employed or have been employed by defendants Mello Milk Transport and Jeffrey A. Mello in the State of California, who, on or after September 1, 2005 to_____, 2008, have worked as a truck driver hauling milk in intrastate transportation and have worked in excess of forty (40) hours per week without being paid overtime compensation for those excess hours.

### II.    THE REASON YOU HAVE RECEIVED THIS NOTICE

You are believed to be a member of the Settlement Class. If so, your rights will be affected because the parties have tentatively settled the lawsuit. Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement of the case. By preliminary approval of the proposed settlement on _____, 2008, the Court has preliminarily determined that the lawsuit could be settled.

You are hereby notified that:

        1.    A settlement of the claims of the Settlement Class has been proposed by Plaintiffs Simon Resendiz and Mario Pineda and their attorney and Defendants Mello and its attorneys;

2.    The proposed Settlement has been submitted to the Court, and has received preliminary approval;

3.    If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against Mello, for any claim occurring during the period from September 1, 2005 through _____, 2008 that was raised or could have been raised in the Plaintiffs' complaint.

4.    You and any other persons in the Settlement Class have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts V-VI of this notice.

5.    A hearing to finally approve the settlement is scheduled for _____, 2008 at 8:30 a.m. in Courtroom No. 4, at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721.

At the hearing, any member of the Class may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part V of this Notice have been followed. You should read that part carefully. Class members who do not make objections in the manner provided in Part V of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of this lawsuit and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## III.    NATURE OF THE LAWSUIT

In this case, the Plaintiffs have sued Mello for nonpayment of overtime for hours worked in excess of forty (40) in a week. Mello has denied and continues to deny all of the allegations made by the Plaintiffs.

The Plaintiffs and Mello ("the Parties") have tentatively settled this lawsuit. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Class and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of the Settlement Class established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## IV.    SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Mello has agreed to provide certain relief to persons in the Class. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VII. The relief granted by the proposed Settlement Agreement is summarized as follows:

1.    Mello will pay the total sum ("Sum") of One Hundred Sixty-Nine Thousand Dollars ($169,000.00) less attorney fees and costs awarded to Class Counsel.

2.    The settlement will be paid in three (3) equal installments as follows: (a) the first installment within forty-five (45) days of the final approval hearing; (b) the second installment within one hundred eighty (180) days of the final approval hearing and (c) the last installment within one (1) year of the final approval hearing.

3.    **IN ORDER TO RECEIVE PAYMENT UNDER THIS SECTION, EACH CLASS MEMBER MUST FILE A TIMELY CLAIM FORM, WHICH IS ENCLOSED WITH THIS NOTICE.**

4.    Mello will pay reasonable attorneys' fees in a maximum amount not to exceed $42,250.00 (25% of the Sum) and actual costs. All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to you as a class member. Class Counsel will apply to the court for approval of his attorneys' fees and costs at the hearing scheduled for _____, 2008.

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff Class members as to the amount each individual participating Plaintiff will receive in settlement. Monies paid pursuant to the Settlement are taxable. Mello will make all lawful payroll deductions from any payments paid to Class members from the Sum as set forth in the Settlement Agreement.

## V.    HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A.    So that it is postmarked by _____·____, 2008 you MUST mail a request by first class postage to (a) the Court at United States District Court for the Eastern District of California, Courtroom No. 4, United States Courthouse, 2500 Tulare Street, Fresno, California, 93721, (b) to Class Counsel, Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355 and (c) to Keric J. Cushing, Gianelli & Associates, P.O. Box 3212, Modesto, CA 95353 (Defendants' Counsel).

The request MUST include: (i) a written statement advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda.

B.    If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for _____, 2008 at 8:30 a.m. before Lawrence J. O'Neill, Judge for the United States District Court for the Eastern District of California, Courtroom No. 4, United States Courthouse, 2500 Tulare Street, Fresno, California 93721. You may appear personally at the hearing, or through your own counsel, paid for at your own expense.

## VI.    PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the proposed Settlement by taking the following steps.

A.    So that it is postmarked by _____, 2008, you MUST mail a request by first class postage to Class Counsel, Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355 if you wish to be excluded from the Settlement Agreement. The written request must contain your name, address, telephone number, Social Security number and the dates of your employment by Mello.

B.    If you do not submit a Request for Exclusion, you will be bound by the Settlement Agreement, if it is approved by the Court.

C.    Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation.

## VII.    CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355, telephone (209) 544-3030, fax (209) 544-3144.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

EXHIBIT 2

# United States District Court, Eastern District of California,

**Fresno Division**

**Isidro Rodriquez, et al. v. Mello Milk Transport and Jeffrey A. Mello**

**Case No. CV F 07-0671 LJO SMS**

## CLAIM FORM/FLSA CONSENT FORM

COMPLETE, SIGN AND MAIL TO:

Jerry Budin
Law Office of Jerry Budin
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355

### Must be Postmarked No Later Than: _____, 2008

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM
TO SHARE IN THE MONETARY RECOVERY FROM
MELLO MILK TRANSPORT AND JEFFREY A. MELLO**

(1) Please type or print the following identifying information:

Name:_____

Address:_____

City, State, Zip: _____  Social Security Number:_____

Telephone Number (Work):_____  Telephone Number (Home): _____

(2) My best estimate of the time that I was employed by Mello Milk Transport and Jeffrey A. Mello as a truck driver between September 1, 2005 to _____ is as follows:

Beginning Date        End Date

_____        _____

(3) By signing below, I understand that I am agreeing to a full and complete release of Mello Milk Transport and Jeffrey A. Mello, including its present and former officers, directors and owners, shareholders, employer agents, parent companies, subsidiaries and affiliates and representatives of each for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to this action regarding wage and hour or payroll claims, including but not limited to any and all claims for unpaid wages, worked overtime, and waiting time penalties, under both federal and California state law, including the Fair Labor Standards Act, Section 16(b). By signing below, I also hereby consent to join this action under 29 U.S.C. Section 216(b) for purposes of the Fair Labor Standards Act.

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer]."

X _____        Date _____

*(Sign your name here)*

## MUST BE RETURNED BY _____, 2008

## CLAIM FORM INSTRUCTIONS

## COMPLETE THE ENCLOSED CLAIM FORM IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST <u>COMPLETE, SIGN</u> AND <u>MAIL</u> THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

### MAIL TO:

**Jerry Budin**
**Law Office of Jerry Budin**
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

|  |  |
|---|---|
| ISIDRO RODRIGUEZ, et al., individually and on behalf of al others similarly-situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>MELLO MILK TRANSPORT and JEFFREY A. MELLO,<br><br>          Defendants. | CASE NO. CV F 07-0671 LJO SMS |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:      All truck drivers who were employed by Mello Milk Transport and/or Jeffrey A. Mello ("Mello") at any time from September 1, 2005 through _____, 2008 and who hauled milk in intrastate transportation.

THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ THIS NOTICE CAREFULLY.

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____, 2008 BEFORE THE HONORABLE LAWRENCE J. O'NEILL, JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

I.      **INTRODUCTION**

On May 3, 2007, Simon Resendiz and Mario Pineda, individually and on behalf of other truck drivers, filed a lawsuit against Mello Milk Transport and/or Jeffrey A. Mello ("Mello"), alleging that they worked for Mello as a truck driver and were entitled to overtime compensation for hours worked in excess of forty (40) per week, but that Mello failed to pay them at overtime rates for those overtime hours worked.  Mello denies these allegations.

A tentative settlement of these cases has been reached.  The settlement will apply to all persons who meet the following definition ("Settlement Class"):

Settlement Class

All persons who are now employed or have been employed by defendants Mello Milk Transport and Jeffrey A. Mello in the State of California, who, on or after September 1, 2005 to _____, 2008, have worked as a truck driver hauling milk in intrastate transportation and have worked in excess of forty (40) hours per week without being paid overtime compensation for those excess hours.

II.      **THE REASON YOU HAVE RECEIVED THIS NOTICE**

You are believed to be a member of the Settlement Class.  If so, your rights will be affected because the parties have tentatively settled the lawsuit.  Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement of the case.  By preliminary approval of the proposed settlement on _____, 2008, the Court has preliminarily determined that the lawsuit could be settled.

You are hereby notified that:

          1.      A settlement of the claims of the Settlement Class has been proposed by Plaintiffs Simon Resendiz and Mario Pineda and their attorney and Defendants Mello and its attorneys;

2.  The proposed Settlement has been submitted to the Court, and has received preliminary approval;

3.  If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against Mello, for any claim occurring during the period from September 1, 2005 through _____, 2008 that was raised or could have been raised in the Plaintiffs' complaint.

4.  You and any other persons in the Settlement Class have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts V-VI of this notice.

5.  A hearing to finally approve the settlement is scheduled for _____, 2008 at 8:30 a.m. in Courtroom No. 4, at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721.

At the hearing, any member of the Class may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part V of this Notice have been followed. You should read that part carefully. Class members who do not make objections in the manner provided in Part V of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of this lawsuit and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## III.  NATURE OF THE LAWSUIT

In this case, the Plaintiffs have sued Mello for nonpayment of overtime for hours worked in excess of forty (40) in a week. Mello has denied and continues to deny all of the allegations made by the Plaintiffs.

The Plaintiffs and Mello ("the Parties") have tentatively settled this lawsuit. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Class and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of the Settlement Class established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## IV.  SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Mello has agreed to provide certain relief to persons in the Class. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VII. The relief granted by the proposed Settlement Agreement is summarized as follows:

1.  Mello will pay the total sum ("Sum") of One Hundred Sixty-Nine Thousand Dollars ($169,000.00) less attorney fees and costs awarded to Class Counsel.

2.  The settlement will be paid in three (3) equal installments as follows: (a) the first installment within forty-five (45) days of the final approval hearing; (b) the second installment within one hundred eighty (180) days of the final approval hearing and (c) the last installment within one (1) year of the final approval hearing.

3.  **IN ORDER TO RECEIVE PAYMENT UNDER THIS SECTION, EACH CLASS MEMBER MUST FILE A TIMELY CLAIM FORM, WHICH IS ENCLOSED WITH THIS NOTICE.**

4.    Mello will pay reasonable attorneys' fees in a maximum amount not to exceed $42,250.00 (25% of the Sum) and actual costs. All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to you as a class member. Class Counsel will apply to the court for approval of his attorneys' fees and costs at the hearing scheduled for _____, 2008.

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff Class members as to the amount each individual participating Plaintiff will receive in settlement. Monies paid pursuant to the Settlement are taxable. Mello will make all lawful payroll deductions from any payments paid to Class members , from the Sum as set forth in the Settlement Agreement.

## V.    HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A.    So that it is postmarked by _____, 2008 you MUST mail a request by first class postage to (a) the Court at United States District Court for the Eastern District of California, Courtroom No. 4, United States Courthouse, 2500 Tulare Street, Fresno, California, 93721, (b) to Class Counsel, Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355 and (c) to Keric J. Cushing, Gianelli & Associates, P.O. Box 3212, Modesto, CA 95353 (Defendants' Counsel).

The request MUST include: (i) a written statement advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda.

B.    If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for _____, 2008 at 8:30 a.m. before Lawrence J. O'Neill, Judge for the United States District Court for the Eastern District of California, Courtroom No. 4, United States Courthouse, 2500 Tulare Street, Fresno, California 93721. You may appear personally at the hearing, or through your own counsel, paid for at your own expense.

## VI.    PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the proposed Settlement by taking the following steps.

A.    So that it is postmarked by _____, 2008, you MUST mail a request by first class postage to Class Counsel, Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355 if you wish to be excluded from the Settlement Agreement. The written request must contain your name, address, telephone number, Social Security number and the dates of your employment by Mello.

B.    If you do not submit a Request for Exclusion, you will be bound by the Settlement Agreement, if it is approved by the Court.

C.    Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation.

## VII.    CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355, telephone (209) 544-3030, fax (209) 544-3144.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

Exhibit C

**EXHIBIT C**

# United States District Court, Eastern District of California,

**Fresno Division**
**Isidro Rodriquez, et al. v. Mello Milk Transport and Jeffrey A. Mello**
**Case No. CV F 07-0671 LJO SMS**

## CLAIM FORM/FLSA CONSENT FORM

COMPLETE, SIGN AND MAIL TO:

Jerry Budin
Law Office of Jerry Budin
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355

### Must be Postmarked No Later Than: _____, 2008

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM**
**TO SHARE IN THE MONETARY RECOVERY FROM**
**MELLO MILK TRANSPORT AND JEFFREY A. MELLO**

(1) Please type or print the following identifying information:

Name:_____
Address:_____
City, State, Zip: _____   Social Security Number:_____
Telephone Number (Work):_____   Telephone Number (Home): _____

(2) My best estimate of the time that I was employed by Mello Milk Transport and Jeffrey A. Mello as a truck driver between September 1, 2005 to _____ is as follows:

Beginning Date          End Date
_____          _____

(3) By signing below, I understand that I am agreeing to a full and complete release of Mello Milk Transport and Jeffrey A. Mello, including its present and former officers, directors and owners, shareholders, employer agents, parent companies, subsidiaries and affiliates and representatives of each for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to this action regarding wage and hour or payroll claims, including but not limited to any and all claims for unpaid wages, worked overtime, and waiting time penalties, under both federal and California state law, including the Fair Labor Standards Act, Section 16(b). By signing below, I also hereby consent to join this action under 29 U.S.C. Section 216(b) for purposes of the Fair Labor Standards Act.

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer]."

X _____          Date _____
    *(Sign your name here)*

## MUST BE RETURNED BY _____, 2008

## CLAIM FORM INSTRUCTIONS

### COMPLETE THE ENCLOSED CLAIM FORM IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST <u>COMPLETE, SIGN</u> AND <u>MAIL</u> THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

### MAIL TO:

**Jerry Budin**
**Law Office of Jerry Budin**
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355